Curia, per
Johnson, J.
In this State, it is a long and well settled rule, that if a defendant be found guilty, generally, on an indictment containing several counts, the judgment will not be arrested if there be one good count, although the others may be defective. The State vs. Poole, 2 Tread. 494. Here the defendants are convicted on the second and third counts, to the last of which (that *338 for a riot and assault) there is no objection either as to form or substance ; and without enquiring into the motion in arrest of judgment, the question arises whether, as to this count, the defendants are entitled to a new trial, either on account of misdirection to the jury, or defect of proof. A riot is defined to be a tumultuous disturbance of the peace, by three or more persons assembled together, of their own authority, with the intent mutually to assist each other against any one who shall oppose them, and putting their design into execution in a terrific and violent manner, whether the object was lawful or not; 2 Chit. Cr. L. 274 ; and according to this definition, the Judge was correct in his instructions to the jury, that, in reference to this count, it was immaterial in what character the prosecutors acted. As private citizens, they had the right to pursue and take slaves found out of the plantation where they were usually employed; P. L. 165 ; and if the defendants did combine to prevent it, and ran their boat foul of that in which the prosecutors were, in pursuance of that combination, it was a riot; and whether they did so or not, was a question for the jury. They have found the affirmative, and the circumstances leave, I think, but little doubt that they were correct.
Motion dismissed.
O’Neall, J. concurred.
Note. — No report or statement of the facts of this case, was furnished the Reporter.